UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON JACKSON,

       Petitioner,           CRIMINAL NO.    96-CR-80205-01
                                   CIVIL ACTION NO. 03-CV-70189-DT
   vs.
                                   DISTRICT JUDGE PAUL BORMAN

                                   MAGISTRATE JUDGE DONALD A. SCHEER
UNITED STATES OF
AMERICA,

       Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The instant Rule 60 Motion For Relief From Judgment to Correct a Clerical Mistake should be treated as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and DENIED, as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

                \*    \*    \*

       Petitioner filed a Rule 60(a) Motion For Relief from Judgment to Correct a Clerical Mistake on November 4, 2004, and a Motion to take Judicial Notice on December 7, 2004, challenging the validity of his underlying federal conviction. Petitioner was convicted following a jury trial in May 2000, in the United States District Court for the Eastern District of Michigan, of two counts of distribution of a controlled substances (heroin) in violation of 21 U.S.C. § 841(a)(1). Petitioner was later sentenced to 253 months imprisonment. After sentencing, the Sixth

Circuit Court of Appeals affirmed his conviction and sentence in a unpublished opinion dated August 30, 2001. <u>United States v. Jackson</u>, 22 Fed.Appx. 396, 2001 WL 1042180.

Petitioner then filed a Motion To Vacate his Sentence, under 28 U.S.C. § 2255, on January 15, 2003, claiming that he was denied the effective assistance of both trial and appellate counsel (Motion to Vacate at Docket #74). In a Report and Recommendation dated June 30, 2003, the undersigned rejected Petitioner's challenge to the competency of his trial and appellate attorneys (Docket #86). In an Order dated July 30, 2003, the Honorable Paul Borman accepted the Report and Recommendation and Petitioner's § 2255 Motion to Vacate Sentence was denied by this Court (Docket #87 & #88).

Petitioner has now filed a Rule 60 Motion For Relief from Judgment, as well as a Motion to take Judicial Notice, in an apparent attempt to again attack the validity of his sentence. He contends that he should be re-sentenced in accordance with the recently announced Supreme Court decision in <u>United States v.Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in <u>Booker</u>, which applied the <u>Blakely</u> reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

The Respondent filed an answer on May 3, 2005, contending that Petitioner's motions attacking the validity of his sentence were barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Moreover, the Respondent asserted that since Petitioner's conviction became final before Booker, he was not entitled to any relief because the Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review.  In his reply brief, dated May 16, 2005, Petitioner contends that his motions were timely because they was filed within one year from the date of the decision in Booker.

Since Petitioner is actually attacking the validity of his sentence, the undersigned is persuaded that the motions should be treated as a successive petition under § 2255.  Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996.  Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder.

As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review.  See § 2255 ¶6(3).  The

Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review  United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal.  Since Petitioner's conviction became final on August 30, 2001, well before the Booker decision was announced, the motions attacking the validity of Petitioner's sentence were not timely, and he is not entitled to sentence relief.

     Accordingly, I recommend that the instant Motions For Relief from Judgment and to take Judicial Notice be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

                        S/Donald A. Scheer
                        DONALD A. SCHEER
                        UNITED STATES MAGISTRATE JUDGE
DATED: MAY 31, 2005

CERTIFICATE OF SERVICE

       I hereby certify on June 1, 2005, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 1, 2005. Myron Jackson.

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217